UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

UNITED STATES OF AMERICA,

                - against -                           **MEMORANDUM & ORDER**
                                                                  17-CR-286 (MKB)

JERELL WHITE,

                Defendant.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

On November 1, 2017, Defendant Jerell White pled guilty to one count of Hobbs Act robbery conspiracy and one count of Hobbs Act robbery in violation of 18 U.S.C § 1951(a), and one count of possessing and brandishing firearms during crimes of violence in violation of 18 U.S.C. § 924(c). (Min. Entry dated Nov. 1, 2017, Docket Entry No. 32; *see* Indictment, Docket Entry No. 17.) On October 19, 2018, the Court sentenced White to eighty-five months of imprisonment to be followed by three years of supervised release. (Sentencing Tr. 15:23–16:1, 19:12–21, Docket Entry No. 67; J., Docket Entry No. 57.)

On February 2, 2022, White filed a motion for compassionate release,[1] requesting a reduction of his sentence to time served on the basis that his sentence was "excessive," the

---

[1] Prior to filing his motion, White wrote to the Court about his good behavior and rehabilitation progress while at Federal Correctional Institute ("FCI") Ray Brook, (Def.'s Letters dated Mar. 27, 2020, and July 6, 2020, Docket Entry Nos. 68–69), and members of his family requested his early release on this basis, (Letters dated July 5, 2021, Docket Entry Nos. 70–71). White also requested that if his pending motion to vacate his sentence under 28 U.S.C. § 2255 fails, the Court "liberally construe everything as a Motion for Sentence Reduction under 18 U.S.C. § 3582." (Letter received Nov. 12, 2021, at 2, Docket Entry No. 72.) The Government responded to these letters, noting that White had not filed a compassionate release motion and arguing that the letters should not be construed as such, but that such a motion would fail

"conditions of confinement resulting from the ongoing pandemic" have made his sentence "even harsher," his "demonstrated rehabilitation is exemplary," he has "an exceptional re-entry opportunity," and "a sentence reduction would be wholly consistent" with the 18 U.S.C. § 3553(a) factors. (Def.'s Mot. 2.) On February 23, 2022, the Government opposed White's motion, arguing that he has not shown extraordinary and compelling circumstances warranting release and that a sentence reduction is inconsistent with the section 3553(a) factors. (Gov't Resp. in Opp'n to Def.'s Mot. ("Gov't Opp'n") 1, 9, Docket Entry No. 80.)

For the reasons discussed below, the Court denies White's motion.

**I. Background**

    **a. Robberies**

Between September of 2016 and April of 2017, White participated in a series of armed robberies at four stores in Queens, New York, including an A&J Pharmacy on October 17, 2016, an AT&T store on November 27, 2016, and two T-Mobile stores on January 2, 2017, and April 21, 2017, respectively. (*See* Presentence Investigation Report ("PSR") ¶¶ 8–12, Docket Entry No. 36.) In all four robberies, White and an accomplice entered the store and the accomplice pointed a firearm at the employees, directing them either to lie down on the floor or to raise their

---

because White had not exhausted his administrative remedies or demonstrated extraordinary and compelling circumstances for his release and the sentencing factors weigh against a reduction. (Gov't Letter 1, 5–6, Docket Entry No. 73.) On November 22, 2021, the Court appointed White counsel. (Order dated Nov. 22, 2021, Docket Entry No. 74.) On January 3, 2022, White filed a pro se compassionate release motion. (Def.'s Mot. for Compassionate Release, Docket Entry No. 75.) On January 10, 2022, the Court directed appointed counsel to respond to the motion, counsel requested leave to file a new motion, and the Court granted this request. (Orders dated Jan. 10, 2022; Mot. for Leave to file Doc., Docket Entry No. 76). On February 2, 2022, White filed his new motion. (Def.'s Mot. for Compassionate Release ("Def.'s Mot."), Docket Entry No. 78.)

hands above their heads and lead White and the accomplice to a storage area at the back of the store, where White filled a bag with merchandise. (*See id.*)

Following the final robbery, White and his accomplice entered a silver Infiniti sedan. (*Id.* ¶ 12.) Shortly thereafter, New York City Police Department officers observed the vehicle on a nearby street. (*Id.* ¶ 13.) When White and his accomplice saw the officers, they fled the vehicle, and White dropped an iPhone on the ground while running. (*Id.*) The driver emerged from the vehicle and was arrested. (*Id.*) The officers searched the vehicle and recovered several stolen cellular devices, a mask matching the one the accomplice had worn during the robbery, and a firearm. (*Id.* ¶ 14.) The officers later identified White as the registered user of the dropped iPhone and further identified the phone as one of the devices stolen during the January 2, 2017 robbery of the AT&T store. (*Id.* ¶ 15.) White was arrested on May 17, 2017. (*Id.* ¶ 17.)

    b.  **Guilty plea and sentencing**

On November 1, 2017, White pled guilty to Hobbs Act robbery conspiracy, Hobbs Act robbery, and possessing and brandishing a firearm during crimes of violence. (Min. Entry dated Nov. 1, 2017.) At sentencing on October 19, 2017, the Court noted that White was "never the perpetrator with the gun," (Sentencing Tr. 15:17–18), but that the offenses were nevertheless "serious," (*id.* at 17:10). The Court considered the fact that White "made a full statement" when he was arrested, had "minimal criminal history," was "very young" when he committed the crimes, and had done "everything" he could "to create a better life" for himself while under supervision. (*Id.* at 17:14–18:20.) The Court also highlighted White's efforts to pass the General Educational Development ("G.E.D.") Test and obtain his High School Equivalency Diploma while working and the "strong support" of his family and community. (*Id.* at 18:21–19:11.) The Court imposed a sentence of one month of imprisonment for Hobbs Act robbery

3

conspiracy and Hobbs Act robbery to run concurrently, and the mandatory minimum sentence of eighty-four months for possessing and brandishing a firearm during crimes of violence, for a total sentence of eighty-five months of imprisonment to be followed by three years of supervised release.[2]  (*Id.* at 19:12–17.)  White is currently serving his term of incarceration at FCI Ray Brook, has served approximately forty-three months of his sentence, and has a tentative release date of January 15, 2025.  (*See* Def.'s Mot. 4.)

    c.   **Compassionate release application**

White is now twenty-five years old.  (*See* PSR 2.)  He argues that extraordinary and compelling circumstances "warrant the reduction of [his] sentence to time served and his immediate release from custody."  (Def.'s Mot. 2.)  In support, he argues that (1) his mandatory minimum sentence was "excessive" considering his offense conduct and his "effort[s] to get his life back on track"; (2) his conditions of confinement are "fundamentally different than what the Court could have foreseen" due to the COVID-19 pandemic; (3) he has "demonstrated exceptional rehabilitation"; and (4) he has a "significant opportunity to obtain a four-year college degree in a program expressly designed for the unique challenges of formerly incarcerated persons."  (*Id.* at 6–7.)  In addition, he argues that the relevant section 3553(a) factors support his release, given the changed conditions of his confinement due to the pandemic, his post-sentencing rehabilitation, and his "spotless disciplinary record."  (*Id.* at 7.)

The Government argues that White has not presented extraordinary and compelling circumstances to support a sentence reduction because (1) the length of his sentence "is not a basis for relief," (Gov't Opp'n 5–7); (2) the conditions of his confinement are not unique to him

---

    [2]  The Court noted that the mandatory minimum sentence "is a long time" and that it wished it had "more discretion not to incarcerate [White] at all," as it would have considered this option "in view of [White's] rehabilitation."  (Sentencing Tr. 15:15-17, 18:9-12.)

4

and do not "meet the extraordinary or compelling standard," (*id.* at 7); (3) his rehabilitative efforts, including his efforts to continue his education and his lack of any disciplinary incidents, are "the basic expectations of incarceration" and not a "basis for relief," (*id.* at 8); and (4) the availability of educational opportunities "is not a basis for shortening a prison sentence," (*id.*). In addition, the Government argues that the section 3553(a) factors do not support release due to the "extremely serious" nature of the offense, the "leniency" already afforded to White as a "young defendant with a limited criminal history," the purposes of sentencing, and the need to avoid unwarranted sentencing disparities. (*See id.* at 9.)

## II. Discussion

### a. Standard

"[O]ther than the limited exceptions provided by statutes . . . courts are not free to modify sentences at will." *United States v. Martin*, 974 F.3d 124, 135 (2d Cir. 2020); *see United States v. Friedlander*, No. 20-CR-441, 2022 WL 280800, at *1 (E.D.N.Y. Jan. 31, 2022) ("A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." (quoting *United States v. Rabuffo*, No. 16-CR-148, 2020 WL 2523053, at *1 (E.D.N.Y. May 14, 2020))). Under 18 U.S.C. § 3582(c), and as relevant here, a court may modify a previously imposed sentence where:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that —
>
>     (i) extraordinary and compelling reasons warrant such a reduction; or

5

>   (ii) the defendant is at least [seventy] years of age, has served at least [thirty] years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
>   and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i)–(ii).

"Section 3582(c)(1)(A) authorizes a court to reduce a previously imposed term of imprisonment upon finding that 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam) (same); *see also, e.g.*, *United States v. Cummings*, No. 20-CR-3156, 2021 WL 4142844, at *1 (2d Cir. Sept. 13, 2021) (same); *United States v. DiBiase*, 857 F. App'x 688, 688–89 (2d Cir. 2021) (same); *United States v. Fernandez*, 853 F. App'x 730, 731–32 (2d Cir. 2021) (same); *United States v. Roney*, 833 F. App'x 850, 852 (2d Cir. 2020) (same). "A court deciding a compassionate release motion can consider 'the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it].'" *Keitt*, 21 F.4th at 71 (alteration in original) (quoting *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020)); *Jones*, 17 F.4th at 374 n.3 ("[D]istrict courts are not confined to those reasons set forth by the [Bureau of Prisons] Director in evaluating compassionate release motions brought by defendants and instead are free 'to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them.'" (quoting *Brooker*, 976 F.3d at 235–37)); *United States v. Souza*, No.

6

20-3829, 2021 WL 3871262, at *1 (2d Cir. Aug. 31, 2021) ("[T]he Sentencing Commission's policy statements do not 'constrain district courts' discretion to consider whether any reasons are extraordinary and compelling.'" (quoting *Brooker*, 976 F.3d at 236)).

However, "there are three requirements that must be satisfied before a court can grant such relief" — namely, (1) "absent waiver or forfeiture by the government, an inmate must exhaust administrative remedies by requesting such relief from prison authorities";³ (2) "a court must 'consider[] the factors set forth in [section] 3553(a) to the extent that they are applicable'"; and (3) "the inmate must demonstrate that his proffered circumstances are indeed 'extraordinary and compelling' such that, in light of these [section] 3553(a) factors, a sentence reduction is justified under [section] 3582(c)(1)(A) and would not simply constitute second-guessing of the sentence previously imposed."⁴ *Keitt*, 21 F.4th at 71 (alterations in original) (quoting 18 U.S.C.

---

³ White requested that the warden at FCI Ray Brook move the Court for a sentence reduction and the warden denied White's request on November 21, 2021. (Warden's Resp., annexed to Def.'s Mot. as Ex. K, Docket Entry No. 79-4.) White moved for compassionate release on February 2, 2022, more than thirty days later, and the Government does not argue that he failed to exhaust his administrative remedies. (Def.'s Mot.; Gov't Opp'n); *see United States v. Saladino*, 7 F.4th 120, 123–24 (2d Cir. 2021) (per curiam) (noting that "[s]ome district courts have held that [18 U.S.C. § 3582(c)(1)(A)] authorizes an inmate to file a motion only after he has 'waited [thirty] days from the [w]arden's receipt of his request for compassionate release *without receiving a response*,'" in which case the inmate must "'satisfy the same exhaustion procedure that applies to routine administrative grievances,' which would 'include[] appeals to both the appropriate Regional Director and the BOP General Counsel,'" but other district courts "have held that the statute's [thirty]-day waiting period authorizes the inmate's filing a motion regardless of whether the warden responds to the inmate's request for compassionate release," and declining to decide the issue where the government waived it by failing to raise it on appeal (fifth alteration in original) (first quoting *United States v. Samuels*, No. 08-CR-789, 2020 WL 7696004, at *3 (S.D.N.Y. Dec. 28, 2020); and then citing *United States v. Haney*, 454 F. Supp. 3d 316, 321 (S.D.N.Y. 2020))).

⁴ "The statute sets out a fourth requirement: that the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Keitt*, 21 F.4th 67, 71 n.2 (2d Cir. 2021) (per curiam) (quoting 18 U.S.C. § 3582(c)(1)(A)). However, the Second Circuit has "held that, at present, the policy statement governing compassionate release

§ 3582(c)(1)(A)); *see United States v. Davis*, No. 21-716, 2022 WL 1320316, at *2 (2d Cir. May 3, 2022) (citing *Keitt*, 21 F.4th at 71). "[W]hen a district court denies a defendant's motion under [section] 3582(c)(1)(A) in sole reliance on the applicable [section] 3553(a) sentencing factors, it need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction." *Keitt*, 21 F.4th at 73; *see Jones*, 17 F.4th at 374 (noting that because "extraordinary and compelling reasons are necessary — but not sufficient— for a defendant to obtain relief . . . , panels of this [c]ourt have, in non-precedential summary orders, assumed the[ir] existence . . . but held that a district court's 'reasonable evaluation of the [applicable] [s]ection 3553(a) factors' is 'an alternative and independent basis for denial of compassionate release'" (quoting *United States v. Robinson*, 848 F. App'x 477, 478 (2d Cir. 2021))); *see also, e.g.*, *United States v. Cherry*, No. 21-913, 2022 WL 1210663, at *2 (2d Cir. Apr. 25, 2022) ("[S]ection 3582(c) permits a district court to reduce a sentence only if, '*after* considering the factors set forth in section 3553(a),' it 'finds that extraordinary and compelling reasons warrant such a reduction.' Thus, . . . a finding that the section 3553(a) factors disfavor early release is independently sufficient to deny a compassionate-release motion . . . .'" (first quoting 18 U.S.C. § 3582(c)(1)(A); and then citing *Keitt*, 21 F.4th at 73)); *Souza*, 2021 WL 3871262, at *2 (affirming ruling that "even if [a defendant]'s medical conditions demonstrated extraordinary and compelling reasons for release, 'the factors set forth in [section 3553(a)] militate toward continued confinement'" (quoting *United States v. Bolino*, No. 06-CR-806, 2020 WL 4749807, at *2 (E.D.N.Y. Aug. 17, 2020))); *Roney*, 833 F. App'x at 853 ("We need not decide whether [the appellant] has proffered an

---

— U.S.S.G. § 1B1.13 — governs only motions brought by the Director of the Bureau of Prisons, not those brought directly by inmates." *Id.* (citing *United States v. Brooker*, 976 F.3d 228, 236–37 (2d Cir. 2020)).

8

extraordinary and compelling reason that warrants his release . . . because, even assuming *arguendo* that he has, we discern no abuse of discretion in the district court's conclusion that release is nevertheless unwarranted upon consideration of the [section] 3553(a) factors."). Thus, "a finding that the section 3553(a) factors disfavor early release is independently sufficient to deny a compassionate-release motion, regardless of the presence of any 'extraordinary and compelling reasons.'" *Cherry*, 2022 WL 1210663, at *2 (quoting *Keitt*, 21 F.4th at 73); *see United States v. Mattes*, No. 20-CR-2349, 2022 WL 260395, at *2 (2d Cir. Jan. 28, 2022) ("[A] district court's reasonable evaluation of the [s]ection 3553(a) factors is an alternative and independent basis for denial of compassionate release." (quoting *Jones*, 17 F.4th at 374)).

      **b.**    **The sentencing factors do not favor release**

White argues that the section 3553(a) factors favor release because, while the severity of his conduct remains the same, the environment where he is serving his sentence has changed, he has taken significant steps toward rehabilitation, his "spotless disciplinary record" demonstrates that he is unlikely to commit future criminal acts or pose a danger to the community, and the time he has already served is "sufficient but not greater than necessary and complies with the purposes of sentencing." (Def.'s Mot. 7.)

The Government argues that a sentence reduction is inconsistent with the section 3553(a) factors because (1) the nature and circumstances of the offense heavily counsel against release, as the four robberies were "extremely serious, involving violent threats with a brandished firearm" and White "both planned [the robberies] and influenced others to participate"; (2) the sentence imposed reflects the seriousness of the offense; (3) "the need for the sentence[] to promote respect for the law and provide just punishment remain[s] as applicable today as [it was] at the time of sentencing"; (4) "the sentence imposed — essentially the minimum legally allowed

9

— adequately afforded leniency to a young defendant" who "had previously stolen property from a retail establishment," punching and kicking the victim who attempted to stop him; (5) the sentence meets "the purposes of sentencing, including just punishment and affording rehabilitation," because White "was face-to-face with victim employees as he and his associates robbed tens of thousands of dollars in property" and he "recruit[ed] a younger member" and "advertis[ed] the stolen products and drugs on social media"; and (6) White's mandatory minimum sentence is consistent with that of his co-conspirator and "standard in Hobbs Act robberies in this District" where a firearm is brandished.  (Gov't Opp'n 9–10.)

Since his sentencing, White has earned his G.E.D., (G.E.D., annexed to Def.'s Mot. as Ex. F, Docket Entry No. 78-3), and an Associate of Applied Science degree, (Associate Degree, annexed to Def.'s Mot. as Ex. G, Docket Entry No. 78-4), completed BOP programs and courses, (Inmate Transcript, annexed to Def.'s Mot. as Ex. I, Docket Entry No. 78-5), worked continually, (Inmate Work History, annexed to Def.'s Mot. as Ex. H, Docket Entry No. 78-4), and maintained a clean disciplinary record, (Inmate Discipline Data, annexed to Def.'s Mot. as Ex. J, Docket Entry No. 78-6).  While the Court appreciates White's continued rehabilitative efforts, the Court finds that the section 3553(a) factors do not support release at this time.  As the Court noted at sentencing, White participated in four separate robberies, with an accomplice who had a weapon each time.  (Sentencing Tr. 17:3-5.)  These were "serious offenses," as White acknowledges, and "there was a high risk of danger to th[e] victims who were in the store[s]" and also when he "fled from the police" and they ran after him.  (*Id.* at 17:10-13.)  The Court balanced these facts, among others, against the fact that White was "never the perpetrator with the gun," "made a full statement" when arrested, had "minimal criminal history," was "very young" when he committed the offenses, and had attended programs, gotten certificates, was working, and was "trying to get

10

[his] GED." (*Id.* at 15:17-18, 17:14-16, 17:24-25, 18:7-9, 19:6-9.) After balancing these facts, the Court sentenced White to one month each on the charges of Hobbs Act Robbery conspiracy and Hobbs Act robbery, to run concurrently, and to the mandatory minimum eighty-four months for the charge of possessing and brandishing firearms during crimes of violence, to run consecutively. (*Id.* at 15:23–16:5, 19:12-16.) The Court's sentence constituted a significant downward departure from the Guidelines' range of 125 to 135 months and was based on many of the same considerations White now cites in support of his motion for a further reduction. (*Id.* at 5:15-16.) However, White has served only forty-three months of his sentence, and a further reduction would not adequately "reflect the seriousness of the offense, . . . promote respect for the law, [or] . . . provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

Because the section 3553(a) factors do not favor release, the Court denies White's motion.

### III. Conclusion

Accordingly, for the reasons explained above, the Court denies White's motion for compassionate release without prejudice to renewal.

Dated: August 24, 2022
   Brooklyn, New York

              SO ORDERED:

                s/ MKB
              _____
              MARGO K. BRODIE
              United States District Judge